# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

David Verschoor,

       Plaintiff,

v.

Volkswagen Group of America, Inc., a
corporation; Volkswagen
Aktiengesellschaft, a business entity, form
unknown; and Does 1 through 20,
inclusive;

       Defendants.

Case No. 16-cv-01256-MJD-KMM

**REPORT AND
RECOMMENDATION**

Robert L. Hyde, Esq., and Anthony P. Chester, Esq., Hyde & Swigart, counsel for
plaintiff

Mary E. Bolkcom, Esq., Mickey W. Greene, Esq., and Paul E. D. Darsow, Esq.,
Hanson Bolkcom Law Group, Ltd., counsel for defendants

      Plaintiff David Verschoor purchased or leased a 2012 Volkswagen Jetta
Sportswagen, a vehicle manufactured and sold by Volkswagen Group of America,
Inc., and Volkswagen Aktiengesellschaft (collectively "VW").[1]  (ECF No. 1-1, Compl.
¶ 28.)  The vehicle included a two liter turbo diesel engine that VW marketed as a
clean diesel engine capable of traveling greater distances than other economy cars on a
single tank of gas.  (*Id.* ¶ 20.)  On September 3, 2015, VW stated that it had installed
"defeat devices" on their "clean diesel" vehicles designed to pass clean-air emissions
testing.  (*Id.* ¶¶ 11-16.)  Mr. Verschoor alleges that VW violated several state
consumer-protection statutes and committed common law torts through the

---

[1]     In this report and recommendation, the background facts concerning the
nature of the plaintiff's claims are taken from the plaintiff's complaint.  The Court's
recitation of those allegations here is not intended to indicate any opinion on the
merits of the dispute.

installation of the defeat devices and through the representations regarding the efficiency of its engines. (*Id.* ¶¶ 46-96.)

This case is one of hundreds initiated against VW since September 3, 2015, when the defeat device issue came to light. Many of those cases have been filed in the federal courts, and VW has removed others from state courts. And many of these federal cases are putative class actions. The Judicial Panel on Multidistrict Litigation ("JPML") centralized those actions for coordinated and consolidated pretrial proceedings in the Northern District of California before United States District Judge Charles R. Breyer. *In re Volkswagen "Clean Diesel" Mktg., Sales Practices, and Prods. Liab. Litig.,* MDL No. 2672 (JPML Dec. 8, 2015). There are over 760 actions currently pending in that consolidated MDL proceeding, and the JPML issued a conditional transfer order for this case on May 24, 2016. *Id.,* ECF No. 1682.

Mr. Verschoor started this lawsuit on April 27, 2016, in the District Court of Hennepin County, Minnesota. (ECF No. 1, Notice of Removal ¶ 1.) VW removed the litigation to this Court on May 12, 2016. (*Id.*) In its notice of removal, VW alleged that despite the complaint's recitation of exclusively state-law claims, it nonetheless presents federal questions because the allegations concern the Federal Clean Air Act and regulations passed by the Environmental Protection Agency. (*Id.* ¶¶ 10-12.)

Currently pending before the Court are two motions: the plaintiff's motion to remand this action to state court, fuled on May 13, 2016 (ECF No. 3); and the defendants' motion to stay this litigation pending transfer of this case to the MDL in the Northern District of California (ECF No. 11).[2] Mr. Verschoor argues that this case should be remanded because all of his claims are state-law claims and there is no federal question giving this Court subject-matter jurisdiction. (ECF No. 5.)

In response to Mr. Verschoor's remand motion, VW asserts that removal was appropriate and federal subject-matter jurisdiction exists because the complaint raises a substantial federal issue. (ECF No. 20 at 16-27.) VW also argues that it is unnecessary for this Court to decide Mr. Verschoor's challenge to federal subject-matter jurisdiction at this time because the MDL court has already established a

---

[2] The District Court has referred the motion to remand to this Court for a report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1. The motion to stay is likely a non-dispositive motion for which this Court could issue an order. However, because the two motions are intertwined, this Court addresses both in this report and recommendation.

procedure for addressing that very issue, a process to which this Court should defer. (*Id.* at 12-16.)  In its own motion seeking a stay pending transfer to the MDL, VW raises essentially the same arguments.  (*See* ECF No. 13.)  In support of its request for a stay, VW argues that: (1) this Court need not decide whether subject-matter jurisdiction exists prior to entering an order staying the case (*id.* at 9-10); (2) staying the case will conserve party and judicial resources (*id.* at 10-14); and (3) entering a stay will not prejudice Mr. Verschoor (*id.* at 14-15).

This Court agrees with VW that this matter should be stayed pending the JPML's decision whether to transfer this proceeding to the MDL.  Consequently, the Court also concludes that the motion to remand should be denied without prejudice so that Mr. Verschoor may renew his request for a remand in the MDL court, or if the case is not transferred, in this Court.[3]  The Court recommends such a disposition for several reasons.

First, the Court has the authority to stay this case despite the pending challenge to federal jurisdiction.  To support his argument to the contrary, Mr. Verschoor relies on *State of Minnesota v. Pharmacia Corp.*, Case No. 05-cv-01394-PAM-JSM, 2005 WL 2739297 (D. Minn. Oct. 24, 2005).  However, *Pharmacia* involved a unique set of factual circumstances, limiting its usefulness in resolving the issues here.  In fact, a close reading of the *Pharmacia* case on which Mr. Verschoor so heavily relies reveals greater support for the defendants' position in this case than the plaintiff's.

---

[3]     Other judges in this District have reached similar conclusions in related cases where plaintiffs have moved to remand and VW has requested a stay pending transfer to the MDL.  *See Edens v. Volkswagen Group of Am., Inc.*, Case No. 16-cv-00750-WMW-LIB, ECF No. 35 (D. Minn. May 24, 2016) (staying litigation pending resolution of conditional transfer order and canceling hearing on pending motion to remand); *Davis v. Volkswagen Group of Am., Inc.*, Case No. 16-cv-00748-RHK-BRT, ECF No. 31 (D. Minn. May 20, 2016) (denying motion to remand); *Weekes v. Volkswagen Group of Am., Inc.*, Case No. 16-cv-00760-SRN-TNL, ECF No. 24 (D. Minn. May 11, 2016) (denying plaintiff's motions to remand without prejudice and staying the proceedings pending transfer to the MDL); *Arguello v. Volkswagen Group of Am., Inc.*, Case No. 16-cv-00211-SRN-LIB, ECF No. 22 (D. Minn. Apr. 20, 2016) (same); *Buffington v. Volkswagen Group of Am., Inc.*, Case No. 16-cv-00666-JNE-JSM, ECF No. 25 (D. Minn. May 10, 2016) (same); *Davis v. Volkswagen Group of Am., Inc.*, Case No. 16-cv-00748-RHK-BRT, ECF No. 26 (D. Minn. Apr. 15, 2016) (granting in part motion to stay proceedings except to the extent that plaintiff sought an order remanding the case from the presiding district judge).  Indeed, the Court is unaware of any judge from this district agreeing to decide the remand issue rather than allow it to be resolved by the MDL.

In *Pharmacia*, the court considered the plaintiff's motion to remand at the same time as the defendant's motion to stay pending transfer to an MDL proceeding. But the similarities to this litigation end there. Long before those motions came before Judge Magnuson, "the case was transferred [a first time] by the [MDL] Panel to [the MDL proceeding]." *Id.* at *1. The MDL court then considered and granted the plaintiff's motion to remand the action back to state court. *Id.* Long after the remand, the United States Supreme Court decided a case that the defendant believed changed the federal-question-jurisdiction calculus, giving it a new basis to argue that the case belonged in federal court. *Id.* As a result, the defendant removed the case to federal court a second time, more than three years after the case initially commenced. *Id.* Faced with another motion to remand and the defendant's request that the case be stayed pending transfer back to the MDL a second time, the district court first determined that the defendant's removal was untimely and that the court lacked jurisdiction over the plaintiff's claims. *Id.* at *2-4.

With respect to the federal-question issue, the *Pharmacia* court explained that the MDL court had already "specifically rejected" an earlier version of the argument advanced by the defendant in favor of the second removal. *Id.* at *3 ("Defendant fails to acknowledge that the MDL court further held that *Merrell Dow* [*Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804 (1986)] compelled remand. The MDL court specifically rejected Defendant's contention that the prospect of multiple judicial determinations on the meaning of AWP warranted removal."). Verschoor's argument relies heavily on the *Pharmacia* court's observation that "the absence of subject matter jurisdiction renders the Court powerless." *Id.* at *2. In this case, however, there is no comparable prior judicial determination that federal subject-matter jurisdiction does not exist. Nor is there a radically untimely second attempt at removal. To read *Pharmacia* as standing for the proposition that a federal court cannot "act on a motion to stay a proceeding in favor of transfer to the MDL" (ECF Mo. 18 at 5), takes the *Pharmacia* court's words out of context,[4] and ignores the relevant and unique three-year history of the case prior to the order at issue.

Turning to the factors the Court must consider in determining whether a stay is appropriate, this Court notes that the MDL court has established procedures "to

---

[4] As the Honorable Susan R. Nelson observed in *Arguello*, in staying the litigation pending a transfer to the MDL, the Court is not "transferring [its] jurisdiction," but determining that "in the course of considering [a] challenge [to federal subject-matter jurisdiction] either [this Court] should do it or Judge Breyer [who is presiding over the MDL] should do it." Case No. 16-cv-00211-SRN-LIB, ECF No. 25, Apr. 20, 2016 Tr. 11:17-20.

resolve motions challenging federal jurisdiction, and hence the Court expects [plaintiffs'] arguments to be addressed relatively quickly in the MDL." *Davis*, Case No. 16-cv-00748-RHK-BRT, ECF No. 31 at 3. There is no indication in the record that if the JPML ultimately transfers this matter to the MDL, Mr. Verschoor will lose the opportunity to litigate the remand issues. Indeed, the opposite is true, as the MDL court has already stated its intention to decide the federal-question-jurisdiction issue early in the process. As a result, staying this case until such time as it may be transferred to the MDL court will not cause Mr. Verschoor unfair prejudice. And although there might be some delay and inconvenience for Mr. Verschoor as a result of a stay, "the efficiencies gained through the MDL will benefit *all* parties." *Edens*, Case No. 16-cv-00750-WMW-LIB, ECF No. 35. "If this case is transferred to the MDL, the MDL court likely will be in a better position—and certainly not in a worse position—to address Plaintiff's motion to remand." *Id.*

Staying this case so that the MDL court may address Mr. Verschoor's remand motion will also conserve judicial resources. The MDL was established precisely so that a single court could decide "common factual and legal questions arising out of VW's conduct." *Davis*, Case No. 16-cv-00748-RHK-BRT, ECF No. 31 at 3. If the case is transferred, as the Court predicts, the stay gives the MDL court the chance to consider a question to which it will have already devoted substantial attention. Conversely, to deny VW's request for a stay while this matter is subject to a conditional transfer order risks unnecessary expenditure of this Court's resources. This Court should not expend its energy evaluating a complex issue it will likely never decide; a relatively short stay of the proceedings while the JPML decides whether to transfer the matter is the best way to prevent such potential waste under these circumstances. *See Kemp v. Tyson Seafood Grp., Inc.*, 19 F. Supp. 2d 961, 964-65 (D. Minn. 1998) (noting that conservation of judicial resources is a relevant factor weighing in favor of the entry of a stay).

For all these reasons, **IT IS HEREBY RECOMMENDED** that:

1.      Plaintiff's motion to remand (ECF No. 3) should be **DENIED WITHOUT PREJUDICE** and Plaintiff be permitted to either renew the motion to remand before the MDL court if the case is transferred, or in this proceeding in the event the JPML vacates its conditional transfer order.

2.      Defendants' motion to stay (ECF No. 11) be **GRANTED**.

Date: June 17, 2016

s/ Katherine Menendez
Katherine Menendez
United States Magistrate Judge

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.